UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ERNEST GUTIERREZ,**

    Petitioner,

v.                                                              No. 13-cv-1061 LH/SMV

**FNU JOHNSON, et al.,**[1]

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 . . . [Doc. 1], filed on October 29, 2013. Respondent filed his Answer on January 15, 2014, arguing in part that the Application should be dismissed because it is time-barred. [Doc. 14]. Petitioner replied on February 4, 2014. [Doc. 15]. The Honorable C. LeRoy Hansen, Senior United States District Judge, referred this matter to me for analysis and recommendation of an ultimate disposition. [Doc. 3]. Having reviewed the filings in this case and the relevant law, and being otherwise fully advised in the premises, I respectfully recommend that the Application be denied as time-barred and that this case be dismissed with prejudice.

Petitioner pled no contest to three counts of criminal sexual contact of a child under the age of thirteen. The state judge entered judgment pursuant to that plea agreement and sentenced Petitioner to 364 days incarceration followed by five years of supervised probation. Petitioner served his time, was released, and then subsequently had his probation revoked. He now seeks

---

[1] On November 1, 2013, the Court substituted German Franco as the sole respondent in this case. [Doc. 5].

to challenge both the original judgment against him, as well as the order revoking his probation. However, both the judgment and the order revoking probation became final more than a year before Petitioner filed his federal habeas petition. Although Petitioner filed numerous pleadings in state court challenging the judgment and probation revocation, I find that none triggered the statutory tolling provisions of the Antiterrorism and Effective Death Penalty Act of 1996. I further find that Petitioner is not entitled to equitable tolling.

## **Factual and Procedural Background**

Petitioner is in the custody of Respondent German Franco pursuant to the Order and Commitment to Department of Corrections [Doc. 14-1] at 5–6 ("Probation Revocation"), filed September 29, 2009, in the Second Judicial District Court, Bernalillo County, cause nos. D-202-CR-200405139, D-202-CR-200602675, D-202-CR-200603380, D-202-CR-200603825.

In cause no. D-202-CR-200405139, Petitioner was indicted on four counts of first degree criminal sexual penetration of a child under thirteen in violation of NMSA 1978, § 30-9-13(C)(1), one count of third degree criminal sexual contact of a minor under thirteen in violation of § 30-9-13(C), and one count of third degree bribery of a witness in violation of § 30-24-3(A)(3). [Doc. 14-8] at 18. The judge declared a mistrial in that case on June 5, 2007. *Id.* at 22. Petitioner, proceeding pro se, filed his first state habeas petition on September 14, 2007, claiming ineffective assistance of counsel. [Doc. 14-1] at 19.

On September 24, 2007, Petitioner entered into a consolidated plea and disposition agreement, which disposed of the four cases pending against him. *See id.* at 9. He pled no contest to three charges of third degree criminal sexual contact of a minor under thirteen in violation of § 30-9-13(C). *Id.* at 9–12. Pursuant to the plea agreement, the state district court

2

entered a Judgment, Partially Suspended Sentence and Commitment to Metropolitan Detention Center [Doc. 14-1] at 1–4 ("Original Judgment") on September 28, 2007. Petitioner was sentenced to nine years of imprisonment, of which all but 364 days were suspended, followed by five years of supervised probation *Id.* at 2. The state district court dismissed the first state habeas petition on December 13, 2007. *Id.* at 31.

Petitioner was released on probation on September 22, 2008. *Id.* at 28. On January 29, 2009, he was arrested for driving on a suspended or revoked license. *Id.* at 39. The state initiated probation revocation proceedings on February 13, 2009. *Id.* at 37. In response, Petitioner, again proceeding pro se, filed a second state habeas petition on June 26, 2009. *Id.* at 42. Petitioner then applied for a writ of certiorari, which the New Mexico Supreme Court denied on August 21, 2009. [Doc. 14-2] at 11. On September 29, 2009, the state district court entered the Probation Revocation. [Doc. 14-1] at 5–6.

Petitioner appealed. [Doc. 14-2] at 14, 20. On August 26, 2010, the New Mexico Court of Appeals affirmed on all substantive grounds but reversed and remanded to the state district court for correction of a typographical error.[2] *Id.* at 54–59. The New Mexico Supreme Court denied certiorari on October 7, 2010. [Doc. 14-3] at 20.

On May 31, 2011, Petitioner filed a "Motion to Amend Previous Complaint" in state court naming various individuals and entities as defendants: the State of New Mexico; two cities; the public defender's office; the New Mexico Children, Youth, and Family Department; various attorneys; journalists; police officers; and state employees. [Doc. 14-4] at 1. The motion does

---

[2] The Probation Revocation erroneously listed Petitioner's term of imprisonment as 3285 years, rather than 3285 days. *Compare* [Doc. 14-2] at 54, *with* [Doc. 14-1] at 5–6, *and id.* at 7–8.

3

not identify which complaint Petitioner was attempting to amend, nor does the record reflect how that motion was resolved. *See* [Doc. 14-8] at 18–42.

Petitioner filed his first federal habeas corpus petition on September 27, 2011. *See Gutierrez v. Marshel*, No. 11-cv-0865 JCH-GBW (D.N.M. Oct. 30, 2012); [Doc. 14-6] at 3. Finding that Petitioner had not exhausted his state remedies, the Honorable Judith C. Herrera, United States District Judge, dismissed that petition without prejudice on October 30, 2012, and denied Petitioner's request for a stay and abeyance. [Doc. 14-6] at 26.

Petitioner subsequently filed numerous pro se filings in the state district court. These included a third state habeas petition, [Doc. 14-6] at 29–40, filed on May 4, 2012; a Motion for Leave to Supplement, *id.* at 43, filed on February 20, 2013; a Motion for Objection, *id.* at 45–46, filed on March 1, 2013; a Brief Addendum [Doc. 14-7] at 1–16, filed on July 11, 2013; and a Motion for Defult [sic] Judgment, *id.* at 39–41, filed on September 9, 2013. These filings were all summarily denied by the state district court. [Doc. 14-6] at 41, 44, 47; [Doc. 14-7] at 17, 42. Two petitions for certiorari are presently pending before the New Mexico Supreme Court to review the denial of Petitioner's Motion for Leave to Supplement and his Brief Addendum, *see* [Doc. 14-6] at 48–57; [Doc. 14-7] at 18–28.

On October 29, 2013, Petitioner filed the instant federal habeas petition, alleging ineffective assistance of counsel, prosecutorial misconduct, and a conspiracy by Respondent and others to imprison him and violate his civil rights. [Doc. 1] at 7–8.

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in part at 28 U.S.C. § 2244(d)(1), became effective April 24, 1996, and established a one-year statute of

limitations for bringing habeas petitions pursuant to 28 U.S.C. § 2254. *Wood v. Millyard*, 132 S. Ct. 1826, 1831 (2012). That time period begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review. § 2244(d)(1)(A). Alternatively, the time begins to run from the date on which a state-created impediment to filing in federal court was removed, § 2244(d)(1)(B), the date on which the constitutional right asserted was initially recognized by the Supreme Court, § 2244(d)(1)(C), or the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence, § 2244(d)(1)(D). The one-year statute of limitations is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Petitioner makes no argument regarding when the starting point for the one-year AEDPA review period began. *See generally* [Docs. 1, 15]. He does not allege that any state-created impediment prevented him from filing in federal court. Therefore, § 2244(d)(1)(B) is inapplicable.[3] Petitioner's claims are not based on a newly recognized constitutional right. Therefore, § 2244(d)(1)(C) does not apply. Lastly, Petitioner has made no argument that the factual predicates of his claims were unknown to him at the time that the judgments against him were entered. *See* § 2244(d)(1)(D). Furthermore, my review of his first two state habeas petitions—the first filed before entry of the Original Judgment, and the second filed before entry of the Probation Revocation—reveal that Petitioner was aware of the factual basis of his claims before those two judgments against him were entered. *Compare* [Doc. 1] at 7−8 (alleging

---

[3] I note that this is Petitioner's second habeas action in federal court, and no state-created impediment appears to have prevented his earlier action.

ineffective assistance of counsel and prosecutorial failure to disclose evidence), *with* [Doc. 14-1] at 43–44 (alleging similar ineffective assistance and failure to disclose evidence). Accordingly, I conclude that the one-year AEDPA review period began to run when Petitioner's judgments became final. 28 U.S.C. § 2244(d)(1)(A).

There are two relevant judgments in this case: the Original Judgment, [Doc. 14-1] at 1–4, filed on September 28, 2007, and the Probation Revocation, *id.* at 5–6, filed on September 29, 2009.[4] It is unclear which judgment Petitioner seeks to challenge. *See* [Doc. 1] at 2. Some of the claims in the petition can be read as intending to challenge both judgments. Accordingly, I assume that Petitioner intends to challenge both, and I analyze whether his challenges are timely with respect to either. I find that they are not.

I set forth the following chronology of events relevant to my determination of whether the Application is time-barred:

1. June 5, 2007      State court declares mistrial. [Doc. 14-8] at 22.

2. Sept. 14, 2007    First state habeas petition filed. [Doc. 14-1] at 19.

3. Sept. 24, 2007    Petitioner enters into a plea agreement. [Doc. 14-1] at 9.

---

[4] A third judgment—the Amended Order and Commitment to Department of Corrections [Doc. 14-1] at 7–8 ("Amended Probation Revocation")—was issued on March 10, 2011, to correct the typographical error in the Probation Revocation, which listed Petitioner's pre-adjustment period of incarceration as 3285 years instead of 3285 days. *Compare* [Doc. 14-2] at 54, *with* [Doc. 14-1] at 5–6, *and id.* at 7–8. Although resentencing can modify the date that finality attaches for the purpose of § 2244(d)(1)(A), a ministerial remand—where the discretion of the trial court to reevaluate the sentence is limited—does not alter the date of finality. *Carbajal-Moreno*, No. 07-2154, 332 F. App'x 472, 475–76 (10th Cir. June 5, 2009) (unpublished). The Second Circuit has defined a ministerial remand as one requiring a "routine, nondiscretionary act by the district court that could not have been appealed on any valid ground." *Id.* at 476 (citing *Burrell v. United States*, 467 F.3d 160, 161, 165–66 (2d Cir. 2006)). Here, the Amended Order was entered by the Second Judicial District Court at the express direction of the New Mexico Court of Appeals to correct the typographical error. *See* [Doc. 14-2] at 54. No appeal was taken from the Amended Probation Revocation, nor was one possible. Accordingly, the remand was ministerial, and therefore, the Amended Probation Revocation had no effect on the finality of the original Probation Revocation order.

| 4. Sept. 28, 2007 | Original Judgment entered. [Doc. 14-1] at 1–4. |
| 5. Dec. 13, 2007 | First state habeas petition dismissed. [Doc. 14-1] at 31. |
| 6. June 26, 2009 | Second state habeas petition filed. [Doc. 14-1] at 42. |
| 7. July 9, 2009 | Second state habeas petition dismissed. [Doc. 14-1] at 45. |
| 8. Aug. 21, 2009 | New Mexico Supreme Court denies certiorari on second state habeas petition. [Doc. 14-2] at 11. |
| 9. Sept. 29, 2009 | Probation Revocation entered. [Doc. 14-1] at 5–6. |
| 10. Aug. 26, 2010 | New Mexico Court of Appeals affirms the Probation Revocation.[5] [Doc. 14-2] at 53–60. |
| 11. Oct. 7, 2010 | New Mexico Supreme Court denies certiorari on the Probation Revocation. [Doc. 14-3] at 20. |
| 12. May 31, 2011 | Motion to Amend Previous Complaint filed. [Doc. 14-4] at 1. |
| 13. Sept. 27, 2011 | First federal habeas petition filed. [Doc. 14-6] at 3. |
| 14. Jan. 9, 2012 | Motion to Amend Request for Credit Prior to Conviction filed and denied. [Doc. 14-6] at 27–28. |
| 15. May 4, 2012 | Third state habeas petition filed. [Doc. 14-6] at 29–40. |
| 16. Oct. 30, 2012 | First federal habeas petition dismissed. [Doc. 14-6] at 26. |
| 17. Oct. 29, 2013 | Instant federal habeas petition filed. [Doc. 1]. |

Petitioner's Original Judgment

Petitioner's Original Judgment was entered on September 28, 2007. [Doc. 14-1] at 1. Although the record indicates that Petitioner filed a notice of appeal regarding that judgment, [Doc. 14-1] at 26, nothing in the record indicates that he did anything else to perfect that appeal.

---

[5] The New Mexico Court of Appeals affirmed the Probation Revocation on all substantive grounds but reversed and remanded to the state district court for the sole purpose of correcting a typographical error regarding Petitioner's term. Subsequent state district court proceedings have no bearing on the finality of Probation Revocation because they are purely ministerial. *See supra* note 4.

Perhaps that was because he expressly waived his right to appeal in his plea agreement. [Doc. 14-1] at 11. In any event, Petitioner's Application indicates that he did not appeal. *See* [Doc. 1] at 4. Accordingly, I determine that Petitioner did not appeal his Original Judgment to the New Mexico Court of Appeals. Therefore, that judgment became final on October 29, 2007, when the 30-day period to file an appeal had run. *See* Rule 12-201(A)(2) NMRA; *Jimenez v. Quarterman*, 555 U.S. 113, 119 & 120 n.4 (2009).

Under AEDPA, Petitioner had one year, or until October 29, 2008, to file a federal habeas petition relating to the Original Judgment, absent statutory or equitable tolling. Statutory tolling applies when there is a "properly filed" application for post-conviction relief pending before the state courts "with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Petitioner filed two state habeas petitions. The first was filed on September 14, 2007. [Doc. 14-8] at 20. That petition was summarily dismissed on December 13, 2007. *See* [Doc. 14-1] at 31. There is no indication that Petitioner ever appealed that dismissal. *See* [Doc. 14-8] at 21. Petitioner filed his second petition on June 26, 2009. [Doc. 14-1] at 42. It was dismissed on July 9, 2009, [Doc. 14-1] at 45−46. The New Mexico Supreme Court denied certiorari on August 21, 2009. [Doc. 14-2] at 11.

Under § 2244(d)(2), the one-year limitations period is tolled while an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" The first state habeas petition was filed prior to the entry of the Original Judgment. *Compare* [Doc. 14-1] at 1, *with* [Doc. 14-1] at 19. Therefore, it is not an application for "post-conviction or other collateral review" with respect to the Original Judgment. *See Duncan*

*v. Walker*, 533 U.S. 167, 176–77 (2001) (discussing the meaning of "post-conviction or other collateral review" in § 2244(d)(2) with respect to a judgment).

But even if the first state habeas petition could be considered an application for "post-conviction or other collateral review," the instant petition would still be time-barred. Petitioner would be entitled to tolling for 45 days—from October 29, 2007, when the conviction became final, until December 13, 2007, when the petition was denied by the state district court. *See, e.g.*, *Tillema v. Long*, 253 F.3d 494, 496–97, 502 (9th Cir. 2001) (allowing statutory tolling where a state habeas petition filed during a direct appeal remained pending for over two years after a conviction became final); Brian R. Means, FEDERAL HABEAS MANUAL § 9A:45 (2013). Petitioner would be entitled to an additional 30 days of tolling for the time allowed to appeal the dismissal of the petition. *See* Rule 12-201(A)(2) NMRA; *Serrano v. Williams*, 383 F.3d 1181, 1184 (10th Cir. 2004) ("[T]he limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law[.]"). Thus, assuming Petitioner is entitled to statutory tolling for his first state habeas petition, the one-year AEDPA limitations period would have run on January 12, 2009 (75 days after October 29, 2008).

Petitioner's second state habeas petition was filed on June 26, 2009, well after the one-year AEDPA filing period had already run. [Doc. 14-1] at 42. Accordingly, the filing of that petition did not serve to toll the one-year AEDPA review period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

In summary, the instant federal habeas petition was filed on October 29, 2013, more than four years after January 12, 2009—the latest date on which the one-year period to seek federal

review of the Original Judgment arguably expired. Therefore, any claims challenging the Original Judgment are barred.

### Petitioner's Probation Revocation

The order revoking Petitioner's probation was entered on September 29, 2009. [Doc. 14-1] at 5–6. Petitioner filed an untimely appeal on December 28, 2009. [Doc. 14-2] at 14, 26. On August 26, 2010, the New Mexico Courts of Appeals—treating Petitioner's appeal as timely—affirmed the district court's order but reversed and remanded for the sole purpose of correcting a typographical error regarding Petitioner's term.[6] [Doc. 14-2] at 53–60. Petitioner then sought a writ of certiorari from the Supreme Court of New Mexico on September 8, 2010. [Doc. 14-3] at 1–7. Certiorari was denied on October 7, 2010, and no further appeals were taken. [Doc. 14-3] at 20. The Probation Revocation became final on January 5, 2011, when the 90-day period to seek certiorari from the United States Supreme Court expired.[7] Therefore, the period to seek federal review of the Probation Revocation expired one year later on January 5, 2012.

Petitioner's second state habeas petition was filed on June 26, 2009—before entry of the Probation Revocation on September 29, 2009—and was pending until the New Mexico Supreme Court denied certiorari on August 21, 2009. [Doc. 14-1] at 42; [Doc. 14-2] at 11. That petition asked the state court to dismiss the government's motion to revoke Petitioner's probation and

---

[6] Although an amended order correcting the typographical error was entered by the state district court on March 10, 2011, that order has no bearing on the finality of Petitioner's probation revocation because it is purely ministerial. *See supra* note 4.

[7] The government mistakenly asserts that Petitioner's conviction became final 105 days after his petition for certiorari was denied by the New Mexico Supreme Court, based on the belief that Petitioner is entitled 15 days to seek rehearing by the New Mexico Supreme Court in addition to 90 days to petition the United States Supreme Court. *See* [Doc. 14] at 18. The government's position is incorrect. *See, e.g.*, *Trujillo v. Tapia*, No. 09-2185, 359 F. App'x 952, 954 (10th Cir. Jan. 12, 2010) (unpublished) (finality attaches 90 days after the New Mexico Supreme Court denies certiorari); *Munoz v. Bravo*, No. 10-2267, 419 F. App'x 824, 824–25 (10th Cir. April 1, 2011) (unpublished) (finality attaches 90 days after New Mexico Supreme Court quashed its grant of certiorari).

challenged the propriety of his revocation proceedings. However, because the New Mexico Supreme Court denied certiorari on the second habeas petition before the Probation Revocation became final on January 5, 2011, Petitioner is not entitled to statutory tolling for his second habeas petition. *See Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) ("[S]ince [the habeas petition] was denied before [the AEDPA] period had started to run, it had no effect on the timeliness of the ultimate federal filing.").

On May 31, 2011, Petitioner filed a "Motion to Amend Previous Complaint" in state district court. While this motion was filed during one-year AEDPA limitations period, I determine that it does not trigger statutory tolling under AEDPA because the motion was not "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

Petitioner filed the Motion to Amend Previous Complaint on behalf of himself and his children as plaintiffs, naming various individuals and entities as defendants including the State of New Mexico; two cities; the public defender's office; the New Mexico Children, Youth, and Family Department; various attorneys; journalists; police officers; and state employees. [Doc. 14-4] at 1. He alleged that his clearly established civil rights were violated by the defendants, acting in a conspiracy to wrongfully imprison him, separate him from his family, and damage his reputation. *Id.* at 1–2. Petitioner alleged that the State of New Mexico was liable for the acts of the various defendants because it had "as a matter of policy and parctices [sic]" failed to train, supervise, or discipline the other defendants. *Id.* at 2. The Motion to Amend Previous Complaint and the attached affidavit do not identify the complaint Petitioner was attempting to amend, request any specific relief from the state district court, or directly challenge either the

Original Judgment or Probation Revocation. *See generally id.* at 1–13. The state court's docket does not reveal any disposition of the Motion to Amend Previous Complaint. *See* [Doc. 14-8] at 18–42.

Based on the content of the Motion to Amend Previous Complaint, I determine that it is not an application for state post-conviction or collateral review. Rather, Petitioner appears to have been attempting to institute a civil rights action, or to amend a prior complaint in such an action. Therefore, Petitioner is not entitled to statutory tolling for the pendency of his Motion to Amend Previous Complaint.

Petitioner filed numerous state court filings after January 5, 2012, the date on which the one-year AEDPA period to challenge his Probation Revocation expired. These included his Motion to Amend Request for Credit Prior to Conviction, [Doc. 14-6] at 27, filed on January 9, 2012; his third state habeas petition, [Doc. 14-6] at 29−40, filed on May 4, 2012; his Motion for Leave to Supplement, *id.* at 43, filed on February 20, 2013; his Motion for Objection, *id.* at 45−46, filed on March 1, 2013; his Brief Addendum, [Doc. 14-7] at 1–16, filed on July 11, 2013; and his Motion for Defult [sic] Judgment, *id.* at 39–41, filed on September 9, 2013. However, Petitioner is not entitled to statutory tolling based on any of these filings because they were all initiated after the one-year period to seek federal review under AEDPA had already expired. *See Clark*, 468 F.3d at 714. While two petitions for certiorari are presently pending before the New Mexico Supreme Court regarding the denials of Petitioner's Motion for Leave to Supplement and his Brief Addendum, *see* [Doc. 14-6] at 48–57; [Doc. 14-7] at 18–28, there is no need to await their dispositions because they were filed after the time to seek federal review had already passed.

Lastly, Petitioner initiated his first federal habeas corpus proceeding on September 27, 2011, before the one-year period to challenge his Probation Revocation expired on January 5, 2012. [Doc. 14-6] at 3. However, on October 30, 2012, the Honorable Judith C. Herrera, United States District Judge, dismissed Petitioner's first federal habeas petition without prejudice because he had not exhausted his state remedies. [Doc. 14-6] at 26. While that petition was filed during the one-year AEDPA window, Petitioner is not entitled to statutory tolling for *federal* post-conviction review. *Duncan*, 533 U.S. at 181 (2001) (holding that § 2244(d)(2) does not toll the AEDPA limitations period during the pendency of a federal habeas petition). Statutory tolling applies only to *state* post-conviction proceedings. *Id.* at 172−75.

Based on the foregoing, I determine that Petitioner's one-year period to seek federal review of the Probation Revocation expired on January 5, 2012. The instant federal habeas petition was filed more than a year later on October 29, 2013. Accordingly, the instant petition is untimely with respect to the Probation Revocation, and any claims challenging the Probation Revocation are therefore barred.

Equitable Tolling

Having determined that Petitioner's challenges to both the Original Judgment and Probation Revocation are untimely, and that Petitioner is not entitled to statutory tolling, I analyze whether Petitioner is entitled to equitable tolling. I find that he is not.

The one-year statute of limitations may be equitably tolled "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The Tenth Circuit has limited equitable tolling to "'rare and exceptional' circumstances." *Burger v.*

*Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). "'Equitable tolling would be appropriate, for example . . . when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Id.* The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

The issue of equitable tolling first arose in Respondent's Answer. *See* [Doc. 14] at 1 (arguing that Petitioner is not entitled to equitable tolling). Although Petitioner filed a 37-page response to the Answer, he makes no argument that he is entitled to equitable tolling. *See generally* [Doc. 15]. He argues instead that he has been advised by several attorneys that his petition is timely. [Doc. 15] at 5. In support, he attaches a June 6, 2013 letter he received from Jack Jacks, Esq. *Id.* at 31. However, the letter from Mr. Jacks does not support his argument. In the letter, Mr. Jacks informed Petitioner:

> I am not in a position to advise you on which deadlines apply to your case because I do not have enough information to advise you and because I am not representing you. Please note that if such deadlines expire before you act, you may lose valuable rights.

[Doc. 15] at 31. The plain language of the letter states that Mr. Jacks did not know enough about Petitioner's case to advise him as to which deadlines applied. Petitioner is mistaken in his belief that the letter somehow demonstrates that his present petition was timely. By the time Petitioner received the letter from Mr. Jacks, the one-year period to seek federal review for his probation revocation had already elapsed by more than a year.

Petitioner also appears to argue in his petition that the long pendency of his state filings should excuse his untimeliness: "Petitioner asserts that because of the courts['] failure to respond back and causing an injurious delay to Petitioner['s] timely filing [of] his federal habeas allthough [sic] petitioner believes his time has not expired." [Doc. 1] at 7.Plaintiff's argument regarding state court delay in ruling on his filings is meritless. AEDPA's statutory tolling provisions specifically provide that any time during which a properly filed collateral attack is pending in state court does not count against Petitioner's one-year period to seek federal review. Therefore, any delay by the state courts in adjudicating his claims would have no bearing on the timeliness of his instant federal petition. Petitioner provides no explanation for why he allowed so much time to elapse between his various state court filings. In the final analysis, Petitioner's own delay is the ultimate cause of his untimeliness.

If Petitioner is complaining about the petitions for certiorari currently pending before the New Mexico Supreme Court, those have no effect on the timeliness of the instant petition as they relate to proceedings initiated after the one-year period for federal review had expired. Having fully reviewed all of the materials in this case, I find that Petitioner fails to demonstrate that he is entitled to equitable tolling.

Actual Innocence

In his habeas petition, Petitioner argues that "he is innocent of all allegations and strongly assures the Court that there is sound and compelling evidence to convince the courts of his innocence." [Doc. 1] at 7. He also asserts that "clear and well established 'new evidence' along with a fair review of the facts that have been established throughout Petitioner[']s claims have

proven to be 'relevant' and true." *Id.* Accordingly, I consider whether Petitioner's untimeliness should be excused due to his claim of actual innocence.

A convincing claim of actual innocence may excuse untimeliness. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1934 (2013).[8] The actual innocence gateway applies to Petitioner's instant petition so long as he "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). A petitioner does not meet this requirement unless he demonstrates that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. A mere assertion of actual innocence is insufficient. Petitioner must support his allegations with new reliable evidence that was not presented at trial. *Id.* at 324.

Here, Petitioner's bald assertion that there is "compelling evidence to convince the courts of his innocence" is insufficient. He makes absolutely no effort to identify what this new compelling evidence is. *See generally* [Doc. 1]. Additionally, having reviewed the items attached to his response to the government's Answer [Doc. 15], I find that they do not undermine confidence in Petitioner's revocation proceedings or the entry of his original plea and judgment.

---

[8] In *McQuiggin*, the Supreme Court noted that that the actual innocence gateway applies to cases "not governed by §§ 2244(b)(2)(B) and 2254(e)(2) . . . , *i.e.,* a first petition for federal habeas relief." *McQuiggin*, 133 S. Ct. at 1934. While the present proceedings are Petitioner's second federal habeas action, his first federal habeas petition was dismissed for lack of exhaustion and no review of the merits occurred. Accordingly, this is not a second or successive petition under § 2244(b)(2). *See Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Therefore, I assume that the *McQuiggin* exception applies.

Accordingly, I find that Petitioner has failed to make a convincing demonstration of actual innocence.

### Recommended Disposition

I find that Petitioner's second federal habeas petition is untimely with respect to either his original judgment or his probation revocation. Additionally, I determine that he is not entitled to equitable tolling and that his actual innocence claim is without merit. Accordingly, I **RECOMMEND** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody [Doc. 1] be **DENIED** and that this matter be **DISMISSED WITH PREJUDICE**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**