IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ERNEST GUTIERREZ,**

    Petitioner,

v.                                                                                                             CIV No. 13-1061 LH/SMV

**FNU JOHNSON, et al.,**[1]

    Respondents.

### ORDER ADOPTING MAGISTRATE JUDGE'S
### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 18] ("PF&RD"), issued on May 2, 2014. On reference by the Court, [Doc. 3], the Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended denying Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody [Doc. 1] because the Petition was untimely and barred by the statute of limitations. [Doc. 18] at 17. Respondents filed objections on May 5, 2014. [Doc. 19]. Petitioner filed objections on June 19, 2014. [Doc. 22]. Having reviewed de novo the portions of the PF&RD to which objections were filed, the Court finds that Judge Vidmar's findings are correct. Accordingly, the Court will overrule the objections [Docs. 19, 22], adopt the PF&RD [Doc. 18], deny the Petition [Doc. 1], and dismiss the action with prejudice.

---

[1] On November 1, 2013, the Court substituted German Franco as the sole respondent in this case. [Doc. 5].

## Standard of Review for
## Objections to Magistrate Judge's Recommendations

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. 212 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). However, theories or arguments raised for the first time in objections to a magistrate judge's report are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

## Respondents' Objection

Respondents object to footnote 7 of the PF&RD, wherein Judge Vidmar states that finality attaches to a conviction 90 days after a petition for certiorari is denied by the New Mexico Supreme Court. Citing to *Gibson v. Klinger*, 232 F.3d 799 (10th Cir. 2000) and *Serrano v. Williams*, 383 F.3d 1181 (10th Cir. 2004), Respondents posit that finality attaches 105 days after a petition for certiorari is denied because Petitioner has an additional 15 days to seek a rehearing. Respondents are wrong. *See Trujillo v. Tapia*, No. 09-2185, 359 F. App'x 952, 954 (10th Cir. Jan. 12, 2010) (unpublished) (finality attaches 90 days after the New Mexico Supreme Court denies certiorari). Respondents appear to confuse two distinct ideas: the attachment of finality under 28 U.S.C. § 2244(d)(1)(A), and statutory tolling under 28 U.S.C. § 2244(d)(2). *Gibson* and *Serrano* are inapplicable as they focus on what time periods qualify for statutory tolling, not when finality attaches to a conviction. The convictions in both of those cases became final before the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), so those cases did not specifically discuss whether finality attaches after the time to seek

2

reconsideration by a state's highest court expires. *See Serrano*, 383 F.3d at 1183; *Gibson*, 232 F.3d at 803. Accordingly, Respondents' objection is overruled.

## Petitioners' Objections

On de novo review, the Court agrees with Judge Vidmar that the Petition is untimely. Petitioner does not argue otherwise. *See* [Doc. 12]. Rather, Petitioner proceeds to argue the merits of his underlying claims. He attempts to explain why certain issues were not raised on direct appeal, [Doc. 22] at 2, argues about alleged misconduct by the New Mexico Children, Youth, and Families Department, *id.* at 2–3, argues about alleged prosecutorial and judicial misconduct in his revocation proceedings, *id.* at 3–4, and argues that his counsel was ineffective, *id.* at 5–8. The Court may not grant relief on any of Petitioner's because he failed to bring his claims within the one-year limitations period under AEDPA. *See* 28 U.S.C. § 2244(d)(1).

Petitioner argues that he is entitled to relief from judgment under Rule 60(b) on the basis of mistake, neglect, fraud, or new evidence. [Doc. 22] at 1. Such relief is inappropriate because judgment has not yet been entered in this case. However, even if judgment had been entered, the requested relief would be denied because Petitioner does not identify any mistake, neglect, fraud, or new evidence that might merit relief.

Petitioner also argues that he "has established substantial and relevant evidence of missed court dates and unable [sic] to make timely filings because of state official[']s conduct. Not to mention the interfering and withholding of legal mail hindering responses also." [Doc. 22] at 1. A demonstration that state officials interfered with Petitioner's attempts to timely file his federal habeas petition would merit equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, Petitioner did not raise these arguments before the magistrate judge.

Accordingly, they are waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). Furthermore, Petitioner's arguments for equitable tolling are unconvincing because he previously filed a federal habeas petition within the one-year limitations period. *See Gutierrez v. Marshel*, No. 11-cv-0865 JCH-GBW (D.N.M. Oct. 30, 2012). Any state impediments appear to have been insufficient to prevent him from filing his federal habeas on time.

Plaintiff appears to argue that he has been hampered by his lack of access to legal resources. *See* [Doc. 22] at 1, 6. However, such claims are insufficient to overcome untimeliness. *See Gibson*, 232 F.3d at 808 ("[A] claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling.")

Lastly, Petitioner appears to argue that he has a freestanding claim of actual innocence. [Doc. 22] at 1, 5. A convincing claim of actual innocence may excuse untimeliness. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1934 (2013). However, a petitioner must support his allegations with new reliable evidence that was not previously presented, and a mere assertion of innocence is insufficient. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995). Upon de novo review, the Court agrees with Judge Vidmar that Petitioner has not presented any new evidence that he is actually innocent. Therefore, he may not invoke actual innocence as a way to circumvent his untimeliness.

Having considered Petitioner's objections, the Court finds them to be without merit. Therefore, Petitioner's objections shall be overruled.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Respondents' Limited Objection . . . [Doc. 19] is **OVERRULED**.

IT IS FURTHER ORDERED that Petitioner's objections [Doc. 22] are **OVERRULED**.

IT IS FURTHER ORDERED that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 18] are **ADOPTED**.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody [Doc. 1] is **DENIED**, and that this case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**